THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS


March 9, 1964

*Affirmed by C-397*

Honorable John W. Phillips
County Attorney
Walker County
Huntsville, Texas

Opinion No. C-223

Re: Compensation of a district
Judge on an assignment to
the Court of Domestic Re-
lations of Galveston County.

Dear Mr. Phillips:

Your request for an opinion reads as follows:

"The Presiding Judge of the Second
Administrative Judicial District of Texas
has been requested by the Juvenile Board
of Galveston County, Texas, to assign a
District Judge to handle the business of
the Court of Domestic Relations in and
for Galveston County, Texas, during the
illness and absence from such Court of the
regular judge thereof pursuant to the pro-
visions of Article 200a of the Revised
Civil Statutes of Texas and Article 2338-
16, Section 10, Revised Civil Statutes of
Texas. The last named Statute in Section
10 provides that the judge so assigned by
the Presiding Judge of the Administrative
District shall be paid for his services in
the same manner as provided by the Consti-
tution and laws of this State for the pay-
ment of District Judges assigned to sit for
another District Judge.

"Section 2a, Article 200a, as amended
in May, 1961, in (4) provides that judges
who are required to hold court outside their
own districts and their own counties under
the provisions of this Act, shall receive a
per diem of $25.00 for each day, or fraction
thereof, which they spend outside their said
districts and counties in the performance of

their duties and such additional compensation shall be paid in the same manner as their salaries by the State upon certificates of approval by the Presiding Judge of the Administrative District in which they reside.

"Will you please advise me whether or not a judge or a retired judge, recalled to active duty, accepting assignment to the Court of Domestic Relations of Galveston County will receive compensation from the State while filling such assignment. In the case of a retired judge assigned to such Court of Domestic Relations, will he receive both the compensation provided in Section 4 of Article 200a and in Section 5a of Article 200a?"

The Court of Domestic Relations of Galveston County was created by the provisions of Article 2338-16, Vernon's Civil Statutes. Section 10 thereof provides in part:

". . . In the event of disqualification of the Judge of the Court of Domestic Relations to try a particular case or because of illness, inability, failure or refusal of said Judge to hold court at any time, the Juvenile Board may select a Special Judge who shall hold the court and proceed with the business thereof, or said Juvenile Board may request the Presiding Judge of their Administrative Judicial District of Texas to assign a Judge to handle the business of said Court pursuant to the provisions of Article 200a of the Revised Civil Statutes of Texas, and said Judge so selected by the Board or assigned by the Presiding Judge shall be paid for his services in the same manner as provided by the Constitution and Laws of this state for the payment of District Judges assigned to sit for other District Judges." (Emphasis added).

Section 5a of Article 200a, Vernon's Civil Statutes, as amended by Senate Bill 86, Acts of the 55th Legislature, Regular Session, 1957, Chapter 408, page 1236, provides in part:

"The compensation, salaries and expenses of such judges while so assigned or reassigned shall be paid in accordance with the laws of the state, except that the salary of such retired judges shall be paid out of moneys

appropriated from the General Revenue Fund for such purpose in an amount representing the difference between all of the retirement benefits of such judge as a retired district judge and the salary and compensation from all sources of the judge of the court wherein he is assigned, and determined pro-rata for the period of time he actually sits as such assigned judge."(Emphasis ours).

In view of the provisions of Section 10 of Article 2338-16, Vernon's Civil Statutes, and the exception contained in the provisions of Section 5a of Article 200a, Vernon's Civil Statutes, above quoted, it is our opinion that a retired judge recalled to active duty pursuant to these provisions is entitled to "an amount representing the difference between all the retirement benefits of such judges as a retired district judge and compensation from all sources of the judge of the court wherein he is assigned, and determined pro-rata for the period of time he actually sits as such assigned judge."

It is noted that the provisions of Section 10 of Article 2338-16, Vernon's Civil Statutes, provides that such assigned judge shall be paid for his services "in the same manner as provided for the payment of district judges." We must therefore look to the provisions of Section 5a of Article 200a to determine the compensation of a retired judge, for the reason that Section 5a provides the manner of payment of such assigned judge. The provisions of Section 5a make the compensation to be paid dependent upon the compensation of the judge of the court wherein he is assigned, rather than the compensation of district judges generally.

In addition to such compensation, subdivision (4) of Section 2a of Article 200a allows such retired judge to receive a per diem of $25.00 for each day or fraction thereof which he spends outside of his district.

Section 2 of Article 2338-16, Vernon's Civil Statutes, prescribes the compensation of the Judge of the Court of Domestic Relations in and for Galveston County ("the court wherein he is assigned") at not less than $14,000 per year nor more than $18,000 per year.

In Attorney General's Opinion No. C-110 (1963), it was held that the compensation of a retired judge assigned under the provisions of Article 200a is governed by the provisions of Section 5a thereof and his total statutory salary, regardless of whether such salary comes from the State or from the county, shall be paid out of monies appropriated from the General Revenue Fund of the State for such purpose. You are therefore advised that a retired district judge assigned to the Court of Domestic Relations

in and for Galveston County is entitled to be paid by the State from funds appropriated from the General Revenue Fund for such purpose, an amount representing the difference between all the retired benefits of such judge as a retired district judge, and the salary and compensation of the Judge of the Court of Domestic Relations in and for Galveston County. In addition thereto, he shall be paid by the State the $25.00 per diem provided for in subdivision (4) of Section 2a of Article 200a, Vernon's Civil Statutes, together with his actual and necessary expenses.

We now turn to the question of the compensation of an active district judge assigned to the Court of Domestic Relations in and for Galveston County, pursuant to the provisions of Section 10 of Article 2338-16, Vernon's Civil Statutes. It is noted that the compensation applicable to retired district judges, pursuant to the provisions of Section 5a of Article 200a, is not applicable to the compensation of an active district judge on an assignment. Therefore, his compensation is not dependent upon the compensation of the Judge of the Court of Domestic Relations in and for Galveston County; rather, it is dependent upon the compensation of district judges in Galveston County. Article 2338-16, Section 10, Vernon's Civil Statutes. Subdivision (c) of Section 1 of Article 6819a-18, Vernon's Civil Statutes, sets the salaries of the district judges at an annual salary of $12,000 and this is to be paid by the State. In addition thereto, the provisions of Article 6819a-28, Vernon's Civil Statutes, provide for an additional compensation of $6,000, to be paid to each of the judges of the district courts of Galveston County, to be paid by the Commissioners Court of Galveston County. Since the provisions of Section 10 of Article 2338-16 provide that the active judge so assigned shall be paid for his services in the same manner as provided by the Constitution and laws of this State for the payment of district judges assigned to sit for other district judges, it is our opinion that an active district judge so assigned will be entitled to compensation at the rate of $6,000 to be paid by the Commissioners Court of Galveston County.

In view of the provisions of subdivision (4) of Section 2a of Article 200a, he is also entitled to receive a per diem of $25.00 for each day or fraction thereof which he spends outside his district in the performance of his duties. This per diem is to be paid by the State. You are therefore advised that the compensation of an active district judge assigned as Judge of the Court of Domestic Relations in and for Galveston County, Texas, is to be paid by the State at the rate of $12,000 per annum, plus $25.00 per day, to be paid by the State, plus compensation at the rate of $6,000 per annum, to be paid by Galveston County.

In addition, he shall receive his actual expenses in going to and returning from his assignment, and his actual living expenses while in the performance of his duties under the assignment. Article 200a, Section 10, Vernon's Civil Statutes.

## SUMMARY

A retired district judge assigned to the Court of Domestic Relations in and for Galveston County, pursuant to the provisions of Section 10 of Article 2338-16, Vernon's Civil Statutes, and Article 200a, Vernon's Civil Statutes, is entitled to receive from the State, out of monies appropriated from the General Revenue Fund for such purpose, an amount representing the difference between all of the retired benefits of such judge as a retired district judge and the salary and compensation from all sources of the judge of the court wherein he is assigned and determined pro-rata for the period of time he actually sits as such assigned judge. (Court of Domestic Relations in and for Galveston County). In addition thereto, he is entitled to the $25.00 per diem provided for in subdivision (4) of Section 2a of Article 200a.

An active district judge assigned to the Court of Domestic Relations in and for Galveston County is entitled to receive compensation from the State at the rate of $12,000 per annum, plus $25.00 per day, and is entitled to receive compensation from Galveston County at the rate of $6,000 per annum.

The judge assigned is also entitled to receive his actual expenses in going to and returning from his assignment, and his actual living expenses while in the performance of his duties under the assignment. Article 200a, Section 10, Vernon's Civil Statutes.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Hawthorne Phillips
J. C. Davis
George Gray
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
By:   Howard W. Mays